UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JULIAN R. REBELES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:21-cv-00009-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| H. JOYNER, Warden, | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Respondent. | ) | **&** |
| | | **ORDER** |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Julian R. Rebeles is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Rebeles filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the Bureau of Prisons' (BOP's) calculation of his sentence. [R. 1.] The Respondent then filed a response to Rebeles's petition, arguing, among other things, that he failed to fully exhaust his administrative remedies. [R. 7.] Since the time for Rebeles to file a reply brief has now passed [*see* R. 8], this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Rebeles's present petition without prejudice. That is because the Respondent has demonstrated that Rebeles failed to fully exhaust his administrative remedies. Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel,

who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. Whether or not a prisoner has properly exhausted these administrative remedies is an affirmative defense. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

Here, the Respondent has presented evidence that while Rebeles completed both the BP-9 and BP-10 steps, he did *not* complete and file a BP-11 Form in order to appeal the matter to the BOP's General Counsel, as required. [*See* R. 7 at 4-6, 11; R. 7-1 at 3-6]. Moreover, Rebeles has not offered any timely arguments or evidence in reply to the Respondent's position regarding exhaustion. Thus, the Respondent has adequately established its affirmative defense. In short, Rebeles has not yet fully exhausted his administrative remedies, which is a prerequisite to filing suit in federal court. Therefore, the Court will not address the merits of Rebeles's claim at this time, and, instead, it will deny his current petition without prejudice to his right to file a new action once he has fully exhausted his administrative remedies.

Accordingly, the Court **ORDERS** as follows:

1. Rebeles's current petition for a writ of habeas corpus [**R. 1**] is **DENIED WITHOUT PREJUDICE** to his right to file a new action once he has fully exhausted his administrative remedies, including completing the final, BP-11 step.

2. This civil action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 7th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge